IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES RAY DAVIS, #84012**                                                              **PETITIONER**

**VERSUS**                                                **CIVIL ACTION NO. 2:05cv28KS-JMR**

**WARDEN BRADLEY and JIM HOOD**                                          **RESPONDENTS**

<u>MEMORANDUM OPINION</u>

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner Davis, an inmate at the Delta Correctional Facility, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner was convicted of grand larceny in the Circuit Court of Forrest County, Mississippi on March 12, 2004. Petitioner was sentenced to serve eight years of incarceration and two years of post-supervised release in the custody of the Mississippi Department of Corrections. Petitioner pled guilty to the charges. The petitioner presents the following grounds for habeas relief in the instant petition:  (1) his conviction was obtained by an involuntary guilty plea;  (2) his conviction was obtained by the use of a coerced confession; (3) his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant;  and (3) his conviction was obtained by the use of evidence gathered pursuant to an unlawful arrest.

As required by <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusion. The petitioner is required to exhaust his available state remedies before he will be allowed to seek federal habeas relief. 28 U.S.C. § 2254 (b)(1)(A) & (c). More specifically, he must present his claims to the state courts

in such fashion as to afford those courts a fair opportunity to rule on the merits. Picard v. Connor, 404 U.S. 270 (1977). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (c). It is clear from the face of the petition that petitioner has not exhausted his available state remedies.

Petitioner does have an available state remedy under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29 (Supp. 1996). Petitioner has three years after the entry of judgment of the conviction to file a motion under this statute. Miss. Code Ann. § 99-39-5 (2) (Supp 1996). Petitioner states that he was convicted on March 12, 2004, and is clearly within the time period to file such a motion.

Once petitioner has fully exhausted his available state remedies and in the event he does not receive the requested relief, he may then pursue his federal habeas corpus remedies in this court, within the applicable period of limitation. See 28 U.S.C. § 2244(d).[1]

---

[1] Petitioner is advised that this dismissal does not provide any indication whether or not he will be successful in his state court proceedings and it does not provide any decision regarding the timeliness of this petition or future habeas corpus petitions filed by the petitioner. This dismissal, without prejudice, does allow the petitioner to pursue his federal habeas corpus remedies after he has completed the exhaustion of his state court remedies and in the event he does not receive the requested relief. However, petitioner is cautioned that the one year statute of limitations under AEDPA will apply to any future habeas corpus filings. Petitioner is further advised that section 2244(d)(2) provides that this one year period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." In addition, the Fifth Circuit has noted that "[u]nder the plain language of the statute, any time that passed between the time that [the petitioner's] conviction became final and the time that his state application of habeas was properly filed must be counted against the one year period of limitation." Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the  31st    day of  May, 2005.


                              s/ KEITH STARRETT
                              UNITED STATES DISTRICT JUDGE